## MAIN, Assignee, etc., v. BROMLEY and others.

*(District Court, W. D. Wisconsin.* ——, 1881.)

1. ASSIGNEE IN BANKRUPTCY—VOID SALE—SUIT TO ENJOIN ACTION BETWEEN CREDITORS IN STATE COURT.

A suit to set aside a sale, void under the bankrupt law, and to enjoin the vendee from prosecuting a suit in the state court against the attaching creditor of the bankrupt vendor for the taking of the goods sold, cannot be maintained by an assignee in bankruptcy, where he has obtained possession of the property, and is no party to the proceedings in the state court.—[ED.

In Equity.

*Finches, Lynde & Miller*, for assignee.

*F. J. Lamb*, for defendants.

BUNN, D. J. This is a suit in equity, brought to have a certain sale of goods by the bankrupt to defendant Bromley, had a few days previous to the filing of the petition in bankruptcy, declared void and set aside, and to enjoin the defendant Bromley from prosecuting a suit in the state courts against the other defendants, Bacon, Goodrich & Johnson, to recover damages for taking the goods from Bromley on attachment against the bankrupt, issued from a justice's court after the sale to Bromley and before the proceedings in bankruptcy were begun. The bankrupt was a small merchant, doing business in Jefferson county, and on the seventeenth of April, 1875, being indebted to Bromley in the sum of $400, upon a promissory note given for borrowed money, and being unable to pay in cash, executed a bill of sale of the remnant of his stock of groceries to pay the note, representing at the time that it was all he had to pay with, and that he did not owe any other debts. Bromley did not want the goods, but the evidence shows bought them in entire good faith as the only means of getting his debt. A few days after, on April 28th, Bromley having possession of the goods under the bill of sale, the other defendants, Bacon, Goodrich & Johnson, wholesale merchants in Milwaukee, caused an attachment to be issued in justice court against Giles, afterwards the bankrupt, upon a claim of $169.15, and attached the goods in the hands of Bromley, the deputy sheriff seizing them and taking them into his possession on the attachment as the property of Giles. Thereupon Bromley commenced an action of trespass against Bacon, Goodrich & Johnson, and one Hutchinson, the deputy sheriff, in the circuit court of Jefferson county, to recover damages for seizing the goods and taking them from Bromley under the attachment.

On May 1st, immediately following, Giles filed a voluntary petition in bankruptcy and was adjudged a bankrupt. Thereupon, upon the affidavit and application of Bacon, Goodrich & Johnson, who still held the goods under the attachment, this court issued a general warrant to the marshal, as messenger, to seize all the goods and property of the bankrupt, and

these goods were voluntarily turned over to the marshal, by the deputy sheriff, under the direction of Bacon, Goodrich & Johnson, as the goods of the bankrupt.

Bromley's action for trespass came on to trial in the circuit court of Jefferson county, and the jury, under the instructions of the court, found a verdict of nominal damages, merely, for the plaintiff, on the ground that though the sale to Bromley was a valid sale under the state law, that it was void under the bankrupt law, and that under that law Bromley had no title to the goods and therefore could only recover nominal damages.

The case was appealed to the supreme court, and reversed, (see *Bromley* v. *Goodrich*, 40 Wis. 131,) the court holding that the state court should not take jurisdiction to adjudicate a sale that is valid under the state law to be void under the provisions of the bankrupt law, in the absence of any adjudication on the point by the federal court; and that this sale to Bromley being a valid and *bona fide* sale under the state law, the court should have held it so, and allowed the plaintiff to recover in that suit the value of the property taken. The case was thereupon sent back to the circuit court of Jefferson county for a new trial. This suit is brought here to stay the trespass case in the state court, and the questions presented are whether or not this court has jurisdiction to stay the suit, and whether the bill and the proofs show any equity on the part of the assignee.

The suit sought to be stayed is between certain creditors of the bankrupt, and relates to property that has since come into possession of the assignee as his representative, and I am satisfied, from the testimony, that though Bromley purchased the goods in entire good faith and for a full consideration paid, that the transfer was invalid under the provisions of the bankrupt law, and that the goods were properly turned over to the marshal, as messenger, and by him to the assignee; and if these facts constitute a sufficient ground on which to maintain the suit, then the plaintiff is entitled to the relief sought.

But without questioning the jurisdiction of the court in a proper case to stay proceedings in a state court where the assignee is a party, or where his rights as assignee are in any way to be affected by the litigation, I cannot see that in this case the plaintiff has any sufficient ground in equity to stand upon. He is not sued. He is in no sense a party to the litigation. The fund he represents is in no danger. His rights as assignee to the property are in no way being menaced or questioned. The little property there was, was voluntarily turned over to the marshal. About one-half the goods, or $200 in value, was set off to the bankrupt by the assignee as exempt under the laws of Wisconsin, and approved by order of the court. The rest of them have been sold by the assignee and turned into money, the avails, about $206, being now in the hands of the assignee, ready to be distributed.

Under these circumstances, there would seem to be no sufficient reason for setting aside the sale to Bromley, or staying proceedings in the state court.

If anything was to be gained by it to the assignee, and so to the creditors generally, then the suit would be proper; then would there be a reason for its existence. Or if the property was still held by Bromley, and a suit was necessary to recover it, there would then exist a good reason for bringing the suit to set the sale aside and recover the property. So if the assignee were sued in the state court for taking the property. But aside from some such motive of benefit or interest to the assignee, as the representative of all the creditors, it is difficult to see what ground the assignee has to stand upon to maintain a suit to set aside a sale held valid under the state law, and to stay litigation between two creditors of the bankrupt. The suits which the assignee can maintain should be for the benefit of the creditors generally, and not in the interest of a particular creditor only.

The assignee may safely look on and see litigation go on between certain creditors, so long as he is in no way a party to it, and cannot be bound or in any way affected by the results of such litigation. It is time enough for him to

act when his rights as assignee are menaced, or it is necessary to institute litigation to have those rights protected or ascertained.

In this case he has confessedly all the property the bankrupt had, and is in no danger of losing it. There is, therefore, no sufficient motive for the suit. The bare fact that the sale was void is no reason for setting it aside, so long as the assignee has the property, and all that he could obtain in any event by the most successful litigation.

The bill is dismissed.